IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERACITY RESEARCH COMPANY**, an Oklahoma Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-2158-L** |
| **CHRISTOPHER BATEMAN,** an Individual, and | § § § | |
| **DOMAINS BY PROXY, INC.**, an Arizona Corporation, | § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Bateman's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed February 25, 2008. After careful consideration of the motion, briefs, response, record, and applicable law, the court **grants in part** and **denies in part** Defendant Bateman's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.     **Procedural and Factual Background**

This case arises from a trademark infringement dispute. Veracity Research Company ("VRC" or "Plaintiff") is a private investigation company, with a majority of its business based on investigation of insurance fraud. Its headquarters and principal place of business is in Argyle, Texas. In 2006, Christopher Bateman ("Bateman" or "Defendant") entered into an "at will" employment agreement with VRC. Defendant, a Michigan resident, came to Texas for roughly two

**Memorandum Opinion and Order - Page 1**

weeks to complete a training program to become a private investigator. Once the training period was completed, Defendant returned to Michigan to begin his "at will" employment with VRC as a private investigator. In Michigan, Defendant received communications from VRC's Texas office and received his paychecks from the Texas office. After 87 days of employment, Defendant was terminated for unsatisfactory performance. On November 3, 2006, Defendant created and operated "vrcinvestigations.net," which has almost the identical domain name of VRC's website, "vrcinvestigations.com," in violation of VRC's trade name, trademark, and service mark rights in "VRC," "VRC Investigations," and "vrcinvestigations.com." VRC also alleges that Defendant's website is used to divert business away from VRC toward competitors of VRC that may hire Bateman through the website's allegedly defamatory, false, and misleading statements about VRC.

On December 28, 2007, Plaintiff filed suit against Bateman and Domains By Proxy, Inc.[1] VRC seeks relief for unfair competition under federal law and Texas statutory and common law, common law trademark infringement, trademark dilution, trade libel, breach of contract and violation of the federal Anti-Cybersquatting Act. On February 25, 2008, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Defendant contends that the court lacks subject matter and personal jurisdiction in this case. Defendant also contends that venue in the Northern District of Texas is improper and that the complaint and summons were improperly served on him. Defendant further contends that VRC has failed to state a claim upon which relief can be granted. Plaintiff contends that the court has subject matter jurisdiction and personal jurisdiction and that venue is proper in the Northern District of Texas. Plaintiff also contends that the complaint and

---

[1] On April 17, 2008, VRC voluntarily dismissed Domains By Proxy, Inc. from this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1).

**Memorandum Opinion and Order - Page 2**

summons were properly served on Bateman and that the complaint adequately states a claim for which relief can be granted with respect to each ground on which he seeks recovery.

## II. Subject Matter Jurisdiction

### A. Rule 12(b)(1)-Subject Matter Jurisdiction

#### 1. The General Standard

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. § 1331 (1980). 28 U.S.C. § 1332 (2005). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

**Memorandum Opinion and Order - Page 3**

resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### 2. "Arising Under"

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.)

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

### B. Discussion

In support of his motion to dismiss, Defendant asserts that he has not violated any federal law to confer the court with subject matter jurisdiction over the claims in this case. Defendant also

asserts that Plaintiff's only cognizable claim is for the alleged breach of an employment agreement and that this claim must be litigated in state court.

In response, VRC argues that the court has subject matter jurisdiction over this action because the claims filed under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2006), and the Anti-Cybersquatting Act, 15 U.S.C. § 1125(d)(11) (2006), arise under federal law. Plaintiff also argues that, pursuant to 28 U.S.C. § 1367 (1990), the court may exercise supplemental jurisdiction over its state law claims because these claims arise out of the same controversy as the federal claims.

Plaintiff alleges two claims that arise under a federal statute. VRC's Lanham Act claim arises under 15 U.S.C. § 1125(a)(1)(A) and VRC's Anti-Cybersquatting claim arises under 15 U.S.C. § 1125(d)(1)(A). Both of these claims arise under the laws of the United States and confer a federal court with subject matter jurisdiction. Therefore, the court has original jurisdiction over these federal causes of action. Because the court has original jurisdiction over the federal causes of action in this case, the court may exercise supplemental jurisdiction over the state law claims if they arise out of the same controversy as the federal causes of action. After considering the claims alleged in the complaint and the facts that form the basis for these claims, the court concludes that the state law claims arise out of the same controversy as the federal claims. Accordingly, the court will exercise supplemental jurisdiction over Plaintiff's state law causes of action.

### III. Personal Jurisdiction

#### A.     Rule 12(b)(2)-Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192

(5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *Id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F.Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and

**Memorandum Opinion and Order - Page 6**

protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F.Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established

**Memorandum Opinion and Order - Page 7**

minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

### B. Discussion

Although Plaintiff alleges that the court has both specific and general personal jurisdiction over Defendant, its arguments in response to Defendant's motion center around specific personal jurisdiction. Moreover, the record does not establish that Defendant's contacts with Texas are continuous, systematic, and substantial. Therefore, the court determines that it lacks general personal jurisdiction over Defendant and now looks to determine whether Plaintiff has alleged a prima facie case for specific personal jurisdiction over Defendant.

Plaintiff argues that the court's exercise of jurisdiction is proper because Defendant expressly aimed his conduct towards the forum state. According to VRC, Bateman intended to cause VRC competitive injury in the state of Texas by infringing on VRC's trademark rights. VRC alleges that because Bateman caused injury to VRC in the state of Texas, he should reasonably anticipate being haled into court in the state of Texas. Defendant contends that the court lacks personal jurisdiction over him. Defendant asserts that he was only in Texas for training, did not request to train in Texas, and since then has not returned. Defendant also asserts that he has not opened a business in Texas nor transacted any other business in Texas. Defendant further asserts that the unsatisfactory performance that led to his termination could have only occurred in Michigan and that his alleged website operation and tortious conduct would have occurred while Defendant was in Michigan, not Texas.

Plaintiff alleges that Defendant directed his activities toward Texas by creating "vrcinvestigations.net," and that Defendant's website was in violation of its trademark rights. Plaintiff argues that because Defendant knew from his employment at VRC that its principal place

**Memorandum Opinion and Order - Page 8**

of business is in Texas, he should have known that any injury to VRC as a result of these actions would be felt exclusively in Texas. Plaintiff also argues that Defendant's website states that VRC operates out of Texas, refers to "owners of the company" (but not by name), and diverts potential VRC customers and employees away from its website and exposes them to defamatory information. Plaintiff contends that it has suffered competitive injury in the state of Texas as a result of the creation and operation of Defendant's website. Taking as true the uncontroverted allegations in Plaintiff's Amended Complaint and the uncontroverted statements in the affidavit filed in support of Plaintiff's response to Defendant's motion to dismiss, the court concludes that Defendant directed his activities toward the forum state and that this litigation resulted therefrom. Therefore, Defendant has the necessary minimum contacts for the court to exercise personal jurisdiction over him.

Minimum contacts alone are insufficient to confer personal jurisdiction. The exercise of personal jurisdiction must also not offend notions of fair play and substantial justice. Although Defendant contends that he does not have the requisite minimum contacts with Texas, he does not argue, and the court does not find, that the exercise of personal jurisdiction would be unfair or unreasonable if minimum contacts were established.

First, any burden on Bateman to litigate in Texas is slight. Most discovery can be conducted from Michigan. As Defendant has shown, any dispositive and nondispositive motions can be drafted and filed from Michigan. If a trial of this case is required, Defendant need only travel to Texas for a brief period of time. Most trial preparation may also be conducted in Michigan. Second, Texas has a substantial interest in protecting its citizens from trademark infringement, unfair competition, and libel. Third, Plaintiff's interest in convenient and effective relief is furthered by litigating this action in Texas. VRC is a corporation with its principal place of business in Texas. Fourth, for the efficient resolution of the conflict, this case should be litigated in Texas. There are numerous acts

**Memorandum Opinion and Order - Page 9**

that Plaintiff alleges violate Texas law, and Texas would be best suited to resolve these disputes. According to Plaintiff, all of the possible witnesses are located in Texas. Finally, the state's shared interest in furthering social policies favors Texas as the appropriate forum. As stated above, Texas has an interest in resolving disputes that injure Texas citizens or corporations. Also, Texas law applies to some of VRC's claims. No other forum, including Michigan, has as much of an interest in resolving this dispute as does Texas. No other residents of other forums have been injured by Defendant's actions. Only Texas law and federal law will apply to this claim. Therefore, Texas has the greatest interest in adjudicating this dispute. After considering these factors, the court concludes that the exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

Plaintiff has sufficiently pleaded the requisite minimum contacts for the court to exercise personal jurisdiction over Defendant. Furthermore, the interests of Texas and VRC in litigating the case in this forum outweigh any burden on Defendant resulting there from. Therefore, Plaintiff has met its burden of establishing a prima facie case for the court's jurisdiction over Defendant.

### IV. Venue

#### A. Rule 12(b)(3)-Improper Venue

Because subject matter jurisdiction in this case is based upon a federal question, the court looks to the general venue statute, 28 U.S.C. § 1391(b) (2002), to determine whether venue is proper in the Northern District of Texas.[2] According to 28 U.S.C. § 1391(b):

> a civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a

---

[2] Plaintiff's Response to Defendant's Motion to Dismiss cites 28 U.S.C. § 1391(a) as the controlling venue statute. Plaintiff's amended complaint, however, cites 28 U.S.C. § 1391(b) as the controlling venue statute. Because Plaintiff first cited § 1391 (b), the correct venue provision, the court will assume that Plaintiff made a typographical error when it cited § 1391(a) in its response.

**Memorandum Opinion and Order - Page 10**

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise by brought.

In moving to dismiss for lack of proper venue, the burden is on Defendants to demonstrate affirmatively that Plaintiff filed the lawsuit in an improper venue. *Myers v. American Dental Ass'n,* 695 F.2d 716, 724-25 (3d Cir. 1982), cert. denied, 462 U.S. (1983).

### B. Discussion

The parties appear to agree that the second provision applies to this case. Defendant alleges that venue is improper because the substantial part of the events that gave rise to the claim occurred outside of Texas. Defendant states that the work he performed was in Michigan, he is a resident of Michigan, and any alleged statements or website operation would have been done in Michigan. Plaintiff argues that in determining where a "substantial" part of the events giving rise to the claim occurred, the court may look to the entire sequence of events leading to the cause of action, rather than solely to the event or events that triggered the lawsuit.

Venue is proper in the Northern District of Texas, if "a substantial part of the events or omissions giving rise to a plaintiff's claim occurred" in this district. 28 U.S.C. § 1391(b)(2). To determine if a substantial part of the events occurred in this district, the court may look to whether the allegedly infringed upon trademark is accessible via the internet and whether the infringement causes a plaintiff injury. *International Truck & Engine,* 259 F.Supp. 2d at 558. Plaintiff argues that the entire sequence of events leading to Defendant's violations of federal law, state law, and common law occurred in this district. Plaintiff alleges that Defendant signed an employment contract in Texas and was trained in Texas. Plaintiff also alleges that Defendant violated his employment contract and has refused to pay money he owes based on a provision of that contract.

**Memorandum Opinion and Order - Page 11**

Plaintiff further alleges that after Defendant was terminated, he created "vrcinvestigations.net" in violation of VRC's trademark rights. Plaintiff also alleges that this website is accessible to and has been accessed by residents of the Northern District of Texas. Furthermore, Plaintiff does business in the Northern District of Texas and alleges that "vrcinvestigations.net" has caused Plaintiff injury in this district. Defendant fails to demonstrate that a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in the Northern District of Texas. Therefore, Defendant has not met its burden of demonstrating affirmatively that the Northern District of Texas is an improper venue for Plaintiff's causes of action.

### V.    Service of Process

Defendant contends that he was improperly served with the summons and complaint. The court finds that this argument lacks merit. Rule 4(e)(2) of the Federal Rules of Civil Procedure provides that service of process on an individual from whom a waiver has not been obtained and filed may be effected in any judicial district of the United States by, among other means, "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ." Fed. R. Civ. P. 4(e)(2). On December 29, 2007, a copy of the summons and complaint were left at Defendant's home with his wife. The return of service of the summons states that Defendant's wife is thirty to thirty-five years old and resides at Defendant's home. Therefore, the summons and complaint were left with someone of suitable age who resides at Defendant's home. Further, nothing in the record indicates that Plaintiff's wife lacked suitable discretion, that is, someone who has the capacity to recognize the importance of the event and take responsibility. Moreover, Plaintiff received the summons and complaint as evidenced by the filing of his motion to dismiss. Accordingly, the court determines

that the summons and complaint were served on Defendant in compliance with Fed. R. Civ. P. 4(e).

## VI. Failure to State a Claim for Which Relief Can Be Granted

### A. Rule 12(b)(6)-Failure to State a Claim

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Discussion

Defendant contends that Plaintiff has failed to state a claim that would entitle it to relief because Plaintiff has not shown how his conduct has injured it and has not alleged any damages. Defendant also contends that Plaintiff has not shown how a remedy at law is not adequate. Defendant further contends that Plaintiff has, at most, a claim for a breach of the employment agreement but Plaintiff still fails to allege how it was damaged from Defendant's conduct. Plaintiff counters that it has properly set forth factual allegations that support each cause of action in its amended complaint. The court addresses each cause of action in turn.

To state a claim for unfair competition under the Lanham Act, a plaintiff must show that a word or symbol is likely to cause confusion or mistake as to its affiliation, sponsorship, or origin. 15 U.S.C. § 1125(a)(1). Plaintiff alleges that "vrcinvestigations.net" would likely cause confusion or mistake as to the origin, sponsorship, or affiliation of "vrcinvestigations.net" in relation to VRC and "vrcinvestigations.com." Because the only difference between the two websites is the use of ".net" rather than ".com," Defendant's website may be mistakenly assumed to be either VRC's official website or otherwise affiliated with VRC. Plaintiff also alleges that VRC has been injured

because the goodwill of VRC and "vrcinvestigations.com" was damaged and will continue to be damaged unless Defendant is restrained and enjoined from continuing the operation of "vrcinvestigations.net." Therefore, the court concludes that Plaintiff has alleged a legally cognizable claim for unfair competition for which this court may grant relief under the Lanham Act.

To state a claim under the Anti-Cybersquatting Act, a plaintiff must show that a person has bad faith intent to profit from a mark and registers, traffics, or uses a domain name that, in the case of a mark that is distinctive at the time of registering the domain name, is identical or confusingly similar to that mark. 15 U.S.C. § 1125(d)(1). Plaintiff alleges that Defendant's website domain name, "vrcinvestigations.net," is confusingly similar to VRC's official website domain name, "vrcinvestigations.com." Plaintiff also alleges that "vrcinvestigations.net" creates the likelihood of confusion as to the source, sponsorship, or affiliation with VRC and "vrcinvestigations.com." Plaintiff further alleges "vrcinvestigations.net" diverts consumers from "vrcinvestigations.com" toward its competitors, "who might hire Bateman as an investigator." Pl.'s Am. Compl. ¶ 23. Therefore, the court concludes that Plaintiff has alleged a legally cognizable claim for which this court may grant relief under the Anti-Cybersquatting Act.

To state a claim for trademark infringement under common law, a plaintiff must show that "the challenged mark is likely to cause confusion." *Marathon Mfg. v. Enerlite Prods.*, 767 F.2d 214, 217 (5th Cir. 1985). Furthermore, "As a general rule, the same facts which would support an action for trademark infringement would also support an action for unfair competition." *Id.* at 217. Plaintiff alleges that "vrcinvestigations.net" is so similar to its official website that it is likely to cause its clients, employees, prospective clients and prospective employees to mistakenly believe that Defendant's website is connected to it in some manner. Plaintiff also alleges that this confusion infringes on its trademark rights in "VRC," "VRC Investigations," and "vrcinvestigations.com."

**Memorandum Opinion and Order - Page 15**

Plaintiff further alleges that these actions have caused injury to VRC and will continue to do so unless Defendant is restrained and enjoined. Therefore, the court concludes that Plaintiff has alleged a legally cognizable claim for which this court may grant relief for common law trademark infringement and unfair competition.

To state a claim for trademark dilution under Texas statute, a plaintiff must show that an act is "likely to injure a business reputation or dilute the distinctive quality of a mark, regardless of whether there is competition between the parties or confusion as to the source of goods or services." Tex. Bus. & Com. Code Ann. § 16.29 (Vernon 1989). Plaintiff alleges that Defendant's website has caused dilution of the distinctive quality of VRC's "VRC," "VRC Investigations," and "vrcinvestigations.com" trade names, trademarks and service marks. Because of the existence of "vrcinvestigations.net," VRC's trademarks are no longer unique or distinctive. When searching for VRC's official website, both websites appear in the search results. Plaintiff also alleges that the alleged dilution damages the goodwill VRC has developed and will cause VRC to lose potential clients and employees. Plaintiff further alleges that this damage is irreparable and will continue unless Defendant is enjoined from continuing his conduct. Therefore, the court concludes that Plaintiff has alleged a legally cognizable claim for which this court may grant relief for trade dilution under Texas statute.

Plaintiff also alleges an unfair competition violation under Tex. Bus. & Com. Code Ann. § 16.29. Unfair competition is a tort that is "founded upon common law." *Jud Plumbing on Wheels v. Jud Plumbing & Heating Co.,* 695 S.W.2d 75, 78 (Tex. App. San Antonio 1985, no writ). Section 16.29 does not create a statutory cause of action for unfair competition. Therefore, Plaintiff has failed to state a claim for unfair competition under Tex. Bus. & Com. Code Ann. § 16.29.

"It is uncertain whether Texas recognizes a cause of action for . . . trade libel." *Cranberg v. Consumers Union of U.S.,* 756 F.2d 382, 389 (5th Cir.), *cert. denied*, 474 U.S. 850 (1985). To state a claim for libel, however, a plaintiff must show a defamation[3] expressed in written or other graphic form, that tends to injure a plaintiff's reputation and exposes the plaintiff to public hatred, contempt, ridicule, or financial injury. Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2005). Plaintiff alleges that Defendant posted false and misleading statements on his website. Plaintiff also alleges that Defendant made these statements with knowledge of their falsity or with reckless disregard for the truth of these statements. Plaintiff further alleges that the statements made on Defendant's website hurt its ability to attract clients and high quality employees. The court concludes Plaintiff has alleged a legally cognizable claim for trade libel for which this court may grant relief.

To state a claim for breach of contract under Texas law, a Plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Plaintiff alleges that on January 23, 2006, it and Defendant executed an employment agreement. According to Plaintiff, the contract requires Defendant to reimburse it for training expenses if he is terminated for any reason prior to the expiration of ninety days after the last day of training. Plaintiff also alleges that it fully performed its part of the contract by training Defendant. Plaintiff further alleges that after approximately eighty-seven days, it terminated Defendant's employment. Because Defendant was terminated prior to the expiration of ninety days after the last day of training, the contract required him to reimburse VRC for training expenses. Plaintiff alleges that Defendant refuses to reimburse

---

[3] Under Texas law, a statement is defamatory if it injures another's reputation. *Bentley v. Bunton,* 94 S.W.3d 561, 587 (Tex. 2002), *cert. denied*, 547 U.S. 1013 (2006).

**Memorandum Opinion and Order - Page 17**

it for the training costs, despite multiple demands. Plaintiff also alleges that it has suffered damages as a result of Defendant's breach. Therefore, the court concludes Plaintiff has alleged a legally cognizable claim for which this court may grant relief for breach of contract.

VII.    **Conclusion**

For the reasons herein stated, the court determines that it has subject matter and personal jurisdiction in this case. The court also determines that venue in the Northern District of Texas is proper and that service of process complied with the Federal Rules of Civil Procedure. The court further determines that Plaintiff stated a legally cognizable claim for each cause of action, except unfair competition under Tex. Bus. & Com. Code Ann. § 16.29. Accordingly, the court **grants** Defendant Bateman's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to Plaintiff's unfair competition claim under Tex. Bus. & Com. Code Ann. § 16.29 and **denies** the motion in all other respects.

**It is so ordered** this 1st day of August, 2008.

Sam A. Lindsay
United States District Judge